IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN HESTER-CARRILLO, | : |
| Plaintiff, | : CIVIL ACTION NO. 23-2134 |
| v. | : |
| COMMONWEALTH OF PENNSYLVANIA, GOVERNOR SHAPIRO, and ATTORNEY GENERAL HENRY, | : |
| Defendants. | : |

## ORDER

**AND NOW**, this 29th day of September, 2023, after considering the application for leave to proceed *in forma pauperis* and complaint filed by the *pro se* plaintiff, Susan Hester-Carrillo ("Hester-Carrillo") (Doc. Nos. 2, 5); and for the reasons set forth in the separately filed memorandum opinion, it is hereby **ORDERED** as follows:

1. Hester-Carrillo's application for leave to proceed *in forma pauperis* (Doc. No. 5) is **GRANTED**. Hester-Carrillo has leave to proceed *in forma pauperis* in this matter;

2. The complaint (Doc. No. 2) is **DEEMED** filed;

3. The complaint (Doc. No. 2) is **DISMISSED WITH PREJUDICE IN PART** and **DISMISSED WITHOUT PREJUDICE IN PART** as follows:

    a. The following claims are **DISMISSED WITH PREJUDICE**: (1) all claims for monetary damages against the Commonwealth of Pennsylvania; (2) all claims under the Driver's Privacy Protection Act ("DPPA") against the Commonwealth of Pennsylvania; (3) all claims under the Health Insurance Portability and Accountability Act

("HIPAA"); (4) all claims based on factual allegations that the court has found to be factually frivolous; and

        b.      All remaining claims are **DISMISSED WITHOUT PREJUDICE**;

4. Hester-Carrillo may file an amended complaint within **thirty (30) days** of the date of this order as to any claims that the court has dismissed without prejudice. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Hester-Carrillo's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial complaint or other papers filed in this case to state a claim. When drafting her amended complaint, Hester-Carrillo should be mindful of the court's reasons for dismissing the claims in the initial complaint, as explained in the court's separately filed memorandum opinion. Upon the filing of an amended complaint, the clerk of court shall **not** make service until so ordered by the court;

5. The clerk of court is **DIRECTED** to **SEND** Hester-Carrillo a blank copy of this court's current standard form to be used by a self-represented litigant filing a civil action being the above-captioned civil action number. Hester-Carrillo may use this form to file her amended complaint if she chooses to do so;[1]

6. If Hester-Carrillo does not wish to file an amended complaint and instead intends to stand on her complaint as originally pleaded, she may file a notice with the court within **thirty (30) days** of the date of this order stating that intent, at which time the court will issue a final order

---

[1] This form is available on the court's website at: http://www.paed.uscourts.gov/documents2/forms/forms-pro-se.

dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case;[2]

7. If Hester-Carrillo fails to file any timely response to this order, the court will conclude that she intends to stand on her initial complaint and will issue a final order dismissing this case;[3] and

8. The clerk of court shall **MARK** this matter as **CLOSED** for statistical purposes.[4]

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[2] *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

[3] *See Weber*, 939 F.3d at 239–40 (explaining that plaintiff's intent to stand on complaint may be inferred from inaction after issuance of order directing plaintiff to take action to cure defective complaint). The court also notes that the six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See id.* at 241 n.11 (treating "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with court's order, which require assessment of *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).

[4] Should the plaintiff file an amended complaint that contains claims which pass statutory screening under 28 U.S.C. § 1915(e)(2)(B), the court will reopen this case.