UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SUSAN HESTER-CARRILLO,** : | |
| Plaintiff, : | |
| : | |
| v. : | No. 23-cv-2134 |
| : | |
| **COMMONWEALTH OF** : | |
| **PENNSYLVANIA,** *et al.*, : | |
| Defendants. : | |

**MEMORANDUM**

**Joseph F. Leeson, Jr.**                                                                                   **December 21, 2023**
**United States District Judge**

Plaintiff Susan Hester-Carrillo initiated this civil action by filing a *pro se* Complaint on June 1, 2023 alleging violations of her constitutional rights pursuant to 42 U.S.C. § 1983. (ECF No. 2.) Hester-Carrillo was granted *in forma pauperis* status, and her Complaint was dismissed in its entirety. Hester-Carrillo has now returned with an Amended Complaint. (ECF No. 10.) For the following reasons, the Court will dismiss her Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) without further leave to amend.

I.   **FACTUAL ALLEGATIONS**[1]

In her initial Complaint, Hester-Carrillo sought to invoke federal question jurisdiction, asserting claims against the Commonwealth of Pennsylvania, Governor Josh Shapiro, and Attorney General Michelle Henry. (Compl. (ECF No. 2) at 1-2.)[2] Hester-Carrillo raised claims for unlawful searches and seizures, as well as an invasion of privacy, in violation of the Fourth

---

[1] The factual allegations are taken from Hester-Carrillo's Complaint, her Amended Complaint, and the attachments thereto.

[2] The Court adopts the continuous pagination assigned to the Complaint and the Amended Complaint by the CM/ECF system.

and Fourteenth Amendments to the United States Constitution.  (*Id.* at 5-9.)  She also asserted claims based on the Health Insurance Portability and Accountability Act ("HIPAA") and the Driver's Privacy Protection Act ("DPPA"), based on the alleged improper access to her personal health information and driver's license information, respectively.  (*Id.* at 5-6.)  Briefly stated, Hester-Carrillo alleged that the "State of Pennsylvania" violated her constitutional right to privacy; the Pennsylvania DMV profiled her driver's license and her license information was improperly recorded; her health information was disclosed; government-funded organizations took, stored, and used her DNA for human trafficking; her car was illegally seized and towed from the parking lot of the Allentown Public Library; the police refused to disclose the location of her car after it was towed, resulting in her car being repossessed and sold after it was seized without probable cause; and she was forced to live in homeless shelters were she was stalked by a man named Michael and a woman named Wanda who contaminated her DNA with deadly viruses and bacteria, was a victim of attempted human trafficking, and had illegal electronic or medical devices inserted in her body.  (*Id.* at 5-12.)  Based on the allegations in her initial Complaint, Hester-Carrillo sought as relief the return of all of her original DNA, money damages (including funds to pay for the safe removal of any electronic devices inserted into her body and to repair her injured DNA), and removal of any disparaging remarks from her DMV record.  (*Id.* at 13.)

In a September 29, 2023 Memorandum and Order, the Honorable Edward G. Smith granted Hester-Carrillo leave to proceed *in forma pauperis* and dismissed her Complaint.[3]  *See Hester-Carrillo v. Pennsylvania*, No. 23-2134, 2023 WL 6386508, at *1 (E.D. Pa. Sept. 29,

---

[3]  This matter was reassigned from the Honorable Edward G. Smith to the undersigned on December 15, 2023.  (ECF No. 11.)

2023). Hester-Carrillo's claims for money damages against the Commonwealth of Pennsylvania were dismissed with prejudice because, *inter alia*, states are not considered "persons" for purposes of section 1983. *Id.* at *6. Her claims against Governor Shapiro and Attorney General Henry were dismissed without prejudice because Hester-Carrillo had failed to assert how either of them was personally involved in the alleged violation of her constitutional rights. *Id.* at *7. Judge Smith also noted several additional reasons as to why Hester-Carrillo's claims were not viable. Her § 1983 claim for invasion of privacy was not plausible because the DPPA expressly precludes civil suits against states and state agencies; there is no legitimate expectation of privacy in driver's license information; and HIPAA does not provide for a federal private right of action. *Id.* at *8-*9, *11. With respect to Hester-Carrillo's Fourth Amendment seizure claim, Judge Smith found that she failed to specifically identify the individuals involved in the seizure, and she did not allege that they acted without regard to standard criteria when they arranged for her car to be towed. *Id.* at *12. Hester-Carrillo also failed to include any factual allegations regarding the reason the vehicle was towed, or which person or entity directed that her vehicle be towed in the first instance. Judge Smith also concluded that she failed to plead a plausible procedural due process claim because even though she had a protected property interest in her vehicle, she failed to allege that "the procedures available to [her] did not provide due process of law." *Id.* at *13. The reminder of Hester-Carrillo's claims, *i.e.*, that her DNA had been contaminated and her abdomen and buttocks were inserted with "illegal electronic or medical devices," were found wholly incredible and lacked a basis in fact. *Id.* at *13. Considering Hester-Carrillo's *pro se* status, the Court permitted her an opportunity to file an amended complaint to the extent she would be able to cure the defects noted as to any claims dismissed without prejudice. *Id.* at *14.

In her Amended Complaint, Hester-Carrillo has renamed Governor Shapiro and Attorney General Henry as Defendants. (Am. Compl. (ECF No. 10) at 2-3.) However, as with her prior Complaint, although these Defendants are separately noted in the caption of her Amended Complaint (*see* Compl. at 1, Am. Compl. at 2), the Commonwealth of Pennsylvania and Governor Josh Shapiro are listed together as Defendant No. 1 in the portion of the form complaint where Hester-Carrillo was instructed to provide information for each named defendant. (Compl. at 1-2, Am. Compl. at 2-3.) As a result, it is again unclear whether Hester-Carrillo intended to sue both the Commonwealth of Pennsylvania and Governor Shapiro. Accordingly, the Court will liberally construe the Amended Complaint as asserting claims against both the Commonwealth of Pennsylvania and Governor Shapiro. It appears that Hester-Carrillo has narrowed her claims, choosing to focus solely on her previously asserted claim for an unlawful search and seizure of her "personal belongings and privately-owned vehicle" in violation of the Fourth Amendment to the United States Constitution. (Am. Compl. at 6.)

Hester-Carrillo repeats her prior assertion that the "State of Pennsylvania violated [her] 4th Amendment constitutional right to be free from unreasonable search and seizure of [her] personal belongings and privately-owned vehicle." (*Id.* at 6.) She avers that her car was illegally seized "by the police without any due process or reasonable suspicion of a crime having been committed."[4] (*Id.* at 7.) Specifically, Hester-Carrillo alleges that on December 19, 2022, her car was towed by police from the parking lot of a public library in Allentown, Pennsylvania. (*Id.* at 6.) Hester-Carrillo asserts that "[w]hen a Police Department tow truck picked up her car," she was sitting in her "legally parked vehicle." (*Id.*) Although she allegedly questioned why the

---

[4] Hester-Carrillo does not specifically identify which police department was allegedly involved in the violation of her rights.

4

"Police Department" was towing her vehicle without a parking infraction, she was refused any justification by the driver. (*Id.*) She alleges that on the back of the tow truck window, there was a sign that stated, "CASH FOR CARS." (*Id.*)

Hester-Carrillo reportedly called "Police Officer Martin" to obtain the justification for the towing of her vehicle, and he allegedly replied, "I guess people make mistakes."[5] (*Id.*) She avers that she showed Officer Martin her public library card and car registration in an effort to prevent her car from being towed, and although Officer Martin allegedly "confirmed that there was no reason to tow [her] car based on the information that he viewed," he also told her that the "Allentown Public Library was not 'public.'" (*Id.*)

Hester-Carrillo asserts that she contacted the "Police Department's tow truck driver" to request the return of her car, and she was allegedly told that the recovery fee would be $500, and that the fee would increase by $75 the next hour. (*Id.* at 7.) Between December 19, 2022 and February 3, 2023, she made several phone calls to the police department, and spoke with three different officers, but none of them would disclose the location of her vehicle, nor would they provide any information regarding a parking citation or a court hearing. (*Id.*) Hester-Carrillo avers that the "Police Department did not issue a citation, schedule a court hearing regarding the seizure of [her] vehicle, or give [her] any reason for the towing of [her] vehicle." (*Id.*)

In January 2023, she allegedly received a letter from "the Police Department" advising her that her vehicle would be sold at an auction if she "did not pick up the vehicle within 30 days and pay the entire towing and impoundment fee." (*Id.*) She avers that the towing and impoundment fee was "already thousands of dollars." (*Id.*) Hester-Carrillo asserts that "the

---

[5] Police Officer Martin is not identified as a Defendant, and Hester-Carrillo has not identified the law enforcement agency that employs him.

Commonwealth of Pennsylvania sold [her] car at auction" in February 2023.  (*Id.*)  She further avers that Ally Financial, her car's financier, "repossessed [her] vehicle after being forced to pay $4,169.52 in towing and impoundment fees to the Commonwealth of Pennsylvania."  (*Id.*)  Hester-Carrillo attached a single page letter exhibit to her Amended Complaint indicating that she owed $13,506.86 under the terms of her contract resulting from the repossession and sale of her 2017 Buick Verano on March 9, 2023.  (*Id.* at 10.)

      Hester-Carrillo asserts that following the seizure of her vehicle, she has "suffered extreme personal injury" and a loss of reputation.  (*Id.* at 8.)  As in her initial Complaint, Hester-Carrillo avers that the seizure of her vehicle resulted in a loss of employment, and she's been forced into shelters, including the YMCA and Bethlehem Emergency Shelter ("BES") shelters, where she's been subjected to "physical trauma, sexual assault and mental injury."  (*Id.*)  She further contends that the defamation she's endured has resulted in the denial of housing assistance by service organizations in Hazleton, Lehighton, Hamburg, Reading, and Allentown.  (*Id.*)  Hester-Carrillo asserts that she was charged over $4,000 by the unidentified police department in connection with the illegal seizure, and her credit rating has been destroyed.  (*Id.* at 9.)

      Hester-Carrillo's remaining allegations of personal injury are incredulous.  She again claims that during her time at the YMCA and BES, she was contaminated "with deadly bacteria" and "illegal electronic or medical devices" have been inserted into her abdomen and buttocks.  (*Id.* at 8.)  Specifically, she avers that "Nonnie," a medical service provider for Street Medicine, inserted her abdomen with an illegal medical device known on the street as a "SPIDER."  (*Id.*)  Hester-Carrillo asserts that she been "fighting viral disease since being forced into the shelter system" has been unable to recover despite several emergency room visits.  (*Id.* at 9.)

Hester-Carrillo seeks the following relief: (1) a refund of all towing and impoundment fees in the amount of $4,169.52; (2) return or replacement of her vehicle that she values at $21,000; (3) the return, repair, and reunification of her original DNA with her original body by a third-party medical professional of her choosing; and (4) the safe removal of all electronic devices inserted into her body. (*Id.*)

## II.   STANDARD OF REVIEW

Since Hester-Carrillo is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Amended Complaint if, among other things, it fails to state a claim or it is frivolous. Whether an amended complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the amended complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Also, an amended complaint is subject to dismissal under § 1915(e)(2)(B)(i) as frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless[,]" including claims that describe "fantastic or delusional scenarios[.]" *Id.* at 327. A claim is legally baseless if it is "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged

to rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

"At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  The Court construes the allegations of the Amended Complaint liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'"  *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013))).  An unrepresented litigant "'cannot flout procedural rules - they must abide by the same rules that apply to all other litigants.'"  *Id.*

**III.   DISCUSSION**

As with her prior pleading, Hester-Carrillo seeks to invoke the Court's federal question jurisdiction, and her Amended Complaint reflects her intention to raise civil rights claims pursuant to § 1983, the vehicle by which federal constitutional claims may be brought against state actors in federal court.  (Am. Compl. at 4, 6-7.)  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.  Claims Against the Commonwealth of Pennsylvania

Hester-Carrillo names the Commonwealth of Pennsylvania as a defendant and seeks money damages.  As Hester-Carrillo was previously instructed, states are not considered "persons" for purposes of § 1983.  *Hester-Carrillo*, 2023 WL 6386508, at *6 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989)).  In addition, the Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages, and the Commonwealth of Pennsylvania has not waived its immunity.  *Id.* (citing *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003); 42 Pa. Cons. Stat. § 8521(b)0.  Accordingly, the claims for money damages Hester-Carrillo seeks to assert against the Commonwealth of Pennsylvania may not proceed and will be dismissed.

### B.  Claims Against Josh Shapiro and Michelle Henry

Hester-Carrillo again names as Defendants Governor Shapiro and Attorney General Henry, but she presents no factual allegations against either of them anywhere in the Amended Complaint.  As Hester-Carrillo was previously advised, without allegations of personal involvement linking either of them to her purported constitutional violations, the Court must dismiss her claims against them.  *Hester-Carrillo*, 2023 WL 6386508, at *7; *see also Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)); *see also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits,

a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution")).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Hester-Carrillo's Amended Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.[6] Since Hester-Carrillo was already given an opportunity to amend the defects in her federal claims and was unable to do so, the Court concludes that further attempts to amend would be futile. *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"). An appropriate Order follows, which dismisses this case.

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**

---

[6] In addition to the foregoing, the Court also notes that Hester-Carrillo has again failed to plausibly assert a constitutional violation of her Fourth or Fourteenth Amendment rights. As with her prior pleading, Hester-Carrillo has provided very few factual allegations about her unreasonable seizure claim. She again failed to specifically identify the individuals allegedly involved in the seizure, and she has also not alleged that they acted without regard to standard criteria when they arranged for her car to be towed. *See Hester-Carrillo*, 2023 WL 6386508, at *12. Hester-Carrillo also failed to identify which person or entity directed that her vehicle be towed in the first instance. (*Id.*) Moreover, although she alleges that she was deprived of her vehicle without due process, she has again failed to allege that "the procedures available to [her] did not provide due process of law." *Id.* at 13 (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006)). Finally, Hester-Carrillo's allegations that her DNA was contaminated "with deadly bacteria" and that "illegal electronic or medical devices" have been inserted into her abdomen and buttocks (*see* Am. Compl. at 8), are wholly incredible and factually frivolous. *Hester-Carrillo*, 2023 WL 6386508, at *13 (collecting cases).